**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**LAMAR FREEMAN**                                                                                                **PLAINTIFF**

**v.**                                   **NO. 3:02-CV-00039 GTE**

**CATERPILLAR INDUSTRIAL, INC.**                                             **DEFENDANT**

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

This Order addresses Plaintiff Lamar Freeman's Motion in Limine, filed May 25, 2007. Plaintiff's motion is broken into seven paragraphs, each of which raises a different evidentiary point.

**1. To Exclude Deposition of Dr. John Lochemes**.

Plaintiff first seeks to exclude the entire deposition of Dr. Lochemes as hearsay . Defendant took the deposition of Dr. Lochemes for trial purposes by agreement of the parties on June 15, 2005. Plaintiff's cross examination of Dr. Lochemes was interrupted when the doctor had to leave to attend to waiting medical patients. According to the Defendant the deposition transcript reflects that both Dr. Lochemes and the Defendant's attorney agreed the deposition could be reconvened on July 11, 2005. Plaintiff also incorporated by reference his previously filed Motion in Limine concerning this matter. The Court in its April 21, 2006 order concluded that the Defendant should not be obligated to bear the cost of producing Dr. Lochemes so that Plaintiff's counsel could finish deposing him. The Court noted that Dr. Lochemes was one of Plaintiff's treating physicians. The Court declined to shift the discovery cost to the Defendant. Further, the Defendant in its response states that the Plaintiff has made no further effort or

attempt to depose Dr. Lochemes at any time since the Court's Order of April 21, 2006. Under the circumstances the deposition is clearly not hearsay. For the reasons stated herein and in the Defendant's response, the Plaintiff's first request to exclude the deposition testimony of Dr. Lochemes is DENIED.

**2.    To Exclude Evidence of OSHA violations and References to Negligence or Fault**

Plaintiff objects to many of the opinions and statements of Defendant's experts which were included in written reports produced within the past few weeks. First, Plaintiff objects to Defendant's experts opining that the Plaintiff, Mr. Freeman violated certain OSHA regulations, in particular 29 C.F.R. 1910.178, and that acts and omissions of Nucor and Plaintiff constitute violations of law, negligence and fault. Plaintiff further argues that "it is the employer, not the employee, who violates the regulations." More particularly, Plaintiff contends that Robertson and Johnson should be prohibited from testifying: "(a) that Plaintiff's conduct constituted negligence, fault or an OSHA violation; or, (b) that Nucor's conduct constituted negligence, fault, or an OSHA violation." Plaintiff makes the point that he "has no objection to the parties' experts testifying whether the design was defective, whether the forklift was in defective condition or unreasonably dangerous, whether there was negligence on the part of the Defendant in the design of the forklift, and whether Nucor's maintenance of the forklift was negligent."

The record reflects that Plaintiff was on notice of Defendant's contentions about the applicability of OSHA regulations. Of course the Court will take judicial notice of any laws or regulations which may be relevant to the resolution of the trial issues. Certain OSHA regulations pertain to the employer's obligation to properly train certain of its employees. Defendant contends that Mr. Freeman was not properly trained in the handling of forklift. It is clear that OSHA standards and regulations may be relevant in product liability actions where the fault of

- 2 -

the employer is an issue. And some OSHA provisions appear to be relevant to the employee's (Mr. Freeman's) fault.

A preliminary issue must be considered. Defendant concedes that Nucor's conduct cannot be the subject of an apportionment of fault under the law applicable in Arkansas at the time of this particular accident. However, Defendant contends that Nucor's acts and omissions constitute an intervening cause of the accident, independent of the allegations against Mr. Freeman.

Plaintiff contends that Defendant's position that Nucor's fault and negligence was an intervening cause is inconsistent with its further contention that Plaintiff's negligence and fault caused or contributed to his injuries. The Court rules as a matter of law that Defendants may take such inconsistent positions. The Defendant is not prohibited from offering proof from which the jury might find that the fault of the employer (Nucor) was the sole cause of the accident, but failing in that contention, may also assert the contributory fault of the Plaintiff. As stated in *Ouachita Wilderness Institute, Inc. v. Mergen*, 329 Ark. 405, 414, 947 S.W. 2d 780 (1997):

> Proximate cause is usually an issue for the jury to decide, and when there is evidence to establish a causal connection between the negligence of the defendant and the damage, it is proper for the case to go to the jury. Arkansas is a comparative fault state, as provided in Ark. Code Ann. § 16-64-122 (Supp.1995), and this case proceeded under that theory. Under the comparative fault statute, there must be a determination of proximate cause before any fault can be assessed against a claiming party. Proximate cause becomes a question of law only if reasonable minds could not differ. Proximate cause is defined as "that which in a natural and continuous sequence, <u>unbroken by any efficient intervening cause</u>, produces the injury, and without which the result would not have occurred." (Emphasis supplied.)

If the jury determines that Nucor's fault caused the accident completely independent of any conduct on the party of Caterpillar, then there could be no fault charged to the Defendant. If,

- 3 -

on the other hand, the jury rejects Caterpillar's intervening cause theory, then the Plaintiff's comparative fault must be assessed.

Nucor's failure to comply with OSHA regulations requiring it to properly train its employees is relevant only to prove Caterpillar's intervening cause theory.  As a general proposition, to qualify as an independent intervening cause, "the occurrence of the subsequent act or event must not have been reasonably foreseeable or capable of being anticipated by the original wrongdoer, or the intervening cause must have produced a result that could not have been reasonably anticipated." Am Jur., Negligence, § 584 (citations omitted).  Additionally, case law suggests that "where there are both a design defect and misuse of the product, each of which contribute to an accident, the misuse does not become an intervening cause if the misuse was foreseeable." *Vanskike v. ACF Industries, Inc.*, 665 F.2d 188 (8th Cir. 1981)(applying Missouri law).  Thus, the question arises, was it reasonably foreseeable that Nucor would not follow OSHA regulations with regard to the training of its employees?  At this point, the Court assumes that the jury will have to answer that question.

The Court agrees with Plaintiff that the Defendant's engineer experts are not experts in the law.  The Court will declare the law to the jury, including any pertinent OSHA regulations or rules.  However, Defendant's witnesses may then point out the facts assumed by them which might show a failure to comply with the particular OSHA regulations.  The Defendant's experts will not be permitted to testify that certain conduct on the part of Mr. Freeman and/or Nucor constitutes "negligence," since that would be invading the province of the jury.

With the foregoing caveat, point two of Plaintiff's motion in limine is DENIED.

**3.      To Exclude Evidence the Proposed Alternative Design was Economically Unfeasible**

Plaintiff next contends that the "defendant, its witnesses, and its counsel should be

prohibited from arguing, testifying, or offering any evidence that the use of the OPS and electric shift transmission were economically unfeasible." It is Plaintiff's view that Mr. Robertson and Mr. Johnson have failed to produce anything to support their opinion "that economic feasibility prevented use of the electric shift transmission or OPS." Defendant responds that Plaintiff's Motion "skews the opinions of Robertson and Johnson and seeks to hamper their ability to contradict Plaintiff's untested alternative." Defendant contends that the evidence may demonstrate that prohibitive cost, impracticability or technological unfeasibility may preclude the use of the alternative design proposed by Plaintiff. Defendant further contends that "because no manufacturer had actually implemented Plaintiff's suggested design alternatives in manufacturing a forklift of this type in 1984, Plaintiff's theoretical proposal have fundamental 'workability' concerns, making cost constraints somewhat academic." Defendant also contends that economic feasibility analysis should "also include the costs of designing, testing, modifying, manufacturing and other items that are necessarily incurred during the process by which a concept becomes a design." It would appear that the parties' experts would be qualified to assess and comment on the technical and economic feasibility of Plaintiff's proposed alternative design, assuming a proper foundation is laid. The Court can not at this time exclude such evidence categorically. Plaintiff's third point is DENIED.

### 4.     To Exclude References to Written Warnings to Plaintiff

Plaintiff contends that the Defendant should not be permitted to make reference to a 1996 incident which is referenced in a written warning received by the Plaintiff after his leg was burned in an accident. The incident did not involve a forklift. The Court agrees with Plaintiff on this point, and Plaintiff's motion with respect to the 1996 incident is GRANTED.

Plaintiff next objects to any effort by the defendant to introduce evidence from Plaintiff's

- 5 -

personnel records concerning a warning given to the Plaintiff in the year 2000 concerning the incident at issue in this lawsuit, said warning being given some six months after the accident. Plaintiff also objects to a 2001 warning given to Plaintiff after Plaintiff was unable to climb stairs to attend a safety meeting.  Defendant in its response argues that the reports and warnings are "properly authenticated as" business records of the employer.  Defendant is correct that these warnings constitute ordinary business records, but that does not resolve the issue raised by the Plaintiff.   Of all of the exhibits attached to the Defendant's responses only one merits serious consideration for admissibility at the trial.  The others may have slight relevance, but are highly prejudicial and would tend to avert the jury's attention from the issues in the case.  Therefore, the Plaintiff's motion on this point will be GRANTED with respect to all of said warnings and reports except the one identified as Exhibit B to Defendant's response.

This exception is occasioned by the response of Mr. Freeman to the circumstances surrounding the incident at issue in this lawsuit.  Mr. Freeman stated:  "I have no recollection of any of the items of that day but pledge to do my best in the future to follow all requirements as instructed."  The Court agrees with Defendant that this particular report, Exhibit B may bear directly on any testimony Plaintiff may offer regarding the incident.  Thus, the Court declines to exclude it.  However, Exhibit A and all of the items attached as Exhibit C to Defendant's response may not be used at the trial unless and until Plaintiff  "opens the door" to such issues and then only with the prior approval of the Court.

**5.     To Exclude Reference or Evidence regarding Leon v.  Caterpillar**

Plaintiff objects to Defendant's relying upon the facts in the case of *Leon vs. Caterpillar, Indus., Inc.* 69 F.3rd 1326 (7th Cir 1995) "to support its argument that it was undesirable to include an OPS system." Plaintiff contends that "such anecdotal evidence is insufficient to

support any opinion regarding the technical or economic feasibility, or even mere desirability, of Plaintiff's proposed designs." Plaintiff seeks an order prohibiting the Defendant, its witnesses or its counsel from "arguing, testifying or offering evidence of the facts and circumstances" in the *Leon* case.

The Defendant responds that Caterpillar will call Martin Robertson as one of its expert witnesses. It states that Robertson was involved in and has personal knowledge of the facts in the *Leon* case. In that case a dealer installed a non-Caterpillar operator's seat equipped with an electric switch to a forklift similar to that involved in this litigation. The dealer also had other electric components which were intended to disable the transmission in the event there was no weight on the seat. In that case the seat switch failed and caused injury. Defendant states that "Robertson personally inspected the *Leon* forklift and his inspection revealed that the modified seat's upholstery had blistered, the seat's foam had hardened and collapsed and the seat itself had compressed onto the seat switch, causing it to malfunction and causing plaintiff's injury." The Defendant has thoroughly briefed the issue. The Court, accepting the Defendant's legal analysis, concludes that this portion of Plaintiff's motion should be DENIED.

### 6. To Exclude Evidence of Nucor's Negligence

The Court has already dealt with this issue, *supra*. Basically, Plaintiff contends that Defendant has an option: it can insist that Nucor's acts and omissions were the only proximate cause of Mr. Freeman's injuries and thereby prevent its relying upon the contributory negligence of Mr. Freeman, or it can develop the alleged negligence of Mr. Freeman for comparative fault purposes, but if so would have to forego Defendant's intervening cause claim based upon Nucor's conduct. The Court has already ruled that the Defendant may adopt these seemingly inconsistent positions, leaving it to the jury to sort out the matter. Accordingly, point six of

Plaintiff's motion is DENIED.

## CONCLUSION

For the reasons herein stated,

IT IS FURTHER ORDERED THAT Plaintiff Lamar Freeman's Motion in Limine (Docket No. 79) be, and it is hereby, GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS SO ORDERED this  2nd   day of June, 2007.

                                           _/s/Garnett Thomas Eisele  
                                           UNITED STATES DISTRICT JUDGE