**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**LAMAR FREEMAN**                                                                          **PLAINTIFF**

**v.**                                          **NO. 3:02-CV-00039 GTE**

**CATERPILLAR INDUSTRIAL, INC.**                                          **DEFENDANT**

**ORDER AWARDING COSTS**

Before the Court is a Bill of Costs filed by Caterpillar Industrial, Inc. ("Caterpillar"). No objection to the request for costs has been filed. For the reasons stated below, the Court exercises its discretion to make a partial award of costs to Caterpillar.

**I.     BACKGROUND**

On the fourth day of trial, June 8, 2007, Caterpillar obtained a jury verdict in its favor.

The Court is very familiar with the facts and legal issues underlying this case by virtue of the numerous pleadings and issued raised by the parties. Many of the legal issues in the case were addressed during the summary judgment phase of the litigation. The Court ultimately rejected Caterpillar's bid for judgment as a matter of law, although the final ruling followed two rounds of briefing and an interim Order. Caterpillar also attempted, unsuccessfully, to exclude the Plaintiff's expert witness, Thomas Berry, from testifying at trial.

In the Court's view, this case was a liability case. There was no serious question about the extent of Mr. Freeman's injuries. The injuries Mr. Freeman sustained after being pinned against a metal bin by the Caterpillar forklift ended his working life and left him without the ability to support his family.

There was good reason initially to suspect the forklift as the cause of the accident. A forklift left running on level ground with the parking brake engaged would not be expected to

exhibit spontaneous unmanned movement. During discovery and after experts had been retained, the parties discovered that the parking brake's neutralizing feature appeared to have been misassembled by someone other than Caterpillar. At trial, Plaintiff's expert Mr. Berry opined that the parking brake's failure was more likely than not the result of normal wear and tear foreseeable to Caterpillar and that the forklift should have been equipped with certain safety devices that would have prevented the accident. Caterpillar denied that the forklift was defective when it was manufactured in 1984 and it also raised the defenses of the intervening negligence of Nucor, Plaintiff's employer, as well as Plaintiff's own fault.

The jury interrogatories first presented Caterpillar's intervening cause defense. The jury found that Nucor failed to maintain the forklift properly, had misassembled the parking brake's neutralizing feature and also had failed to properly train Mr. Freeman to turn off the engine when leaving the forklift unattended. Because the jury concluded that Nucor's acts or omissions caused the Plaintiff's damages independently of any conduct on the part of Caterpillar, it was not called upon to determine whether the forklift was defectively designed or manufactured.[1]

## II.   GOVERNING LAW

In most cases, costs are awarded to a prevailing party as a matter of course pursuant to Fed. R. Civ. P. 54(d)(1), which provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

The "costs" which may be awarded to a prevailing party under Rule 54(d) are enumerated by statute and include the following:

(1)   Fees of the clerk and marshal;

---

[1] See Jury Interrogatories, Doc. # 100.

- 2 -

>   (2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>   (3)   Fees and disbursements for printing and witnesses;
>
>   (4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>   . . .

28 U.S.C. § 1920.

"While the above-enumerated costs are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials necessarily obtained for use in the case, 28 U.S.C. § 1920, and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995)(omitting citations and internal quotations). "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *Id.*

"In keeping with the discretionary character of the rule, the federal courts are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case." 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D, § 2668, p. 231.  *See also Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998)(upholding district court's denial of costs to prevailing defendant in discrimination case); *Wal-Mart Stores, Inc. v. Crist*, 123 F.R.D. 590, 594 (W.D. Ark. 1998)(identifying relevant factors which would weigh in favor of requiring each party to bear its own costs, including "absence of clear victory" and "indigency and good faith").

There is a vast disparity of wealth between the parties.  Caterpillar is a leading provider of construction, mining and forestry equipment, and markets its products world-wide.  While the

Court does not have any financial information for Caterpillar Industrial, Inc., its parent company, Caterpillar Inc., trades on the New York Stock Exchange.

Mr. Freeman is an individual who can no longer work to support his family due to his debilitating injuries. The evidence at trial indicated that Mr. Freeman attempted to return to work after the accident, but his injuries did not allow him to perform his job duties.

The equities in this particular case are such that the Court is tempted to conclude that the fair and equitable thing to do would be to deny costs entirely. The equities to which the Court refers are not limited to the wealth disparity. The Court was very impressed at trial by the manner in which Mr. Freeman testified and conducted himself. The undersigned has been in the presence of many plaintiffs on many different occasions. Few demonstrated more sincerity and candidness than Mr. Freeman. Additionally, the Court is mindful of the hard fought battles during summary judgment, battles lost by Caterpillar. Finally, as the Court alluded previously, while the jury was not called upon to reach the issue of damages, in this Court's view there was no material issue about the severity or extent of Plaintiff's injuries.

Rather than deny costs entirely, the Court will exercise its discretion to limit the amount of costs to be awarded. No costs will be awarded in connection with the damage witnesses – an issue on which Caterpillar did not prevail at trial and on which the evidence favored Mr. Freeman. Additionally, no costs will be awarded in connection with Marty Robertson's trial attendance or witness fees. Mr. Robertson served the dual role of Caterpillar's expert witness and corporate representative. The Court also declines to award costs for airfare and hotel rooms for Caterpillar's experts Marty Robertson and John Johnson. The costs to be awarded are discussed separately below.

### III.   DISCUSSION

**(A)   Deposition Transcripts Necessarily Obtained**

The Court will award costs for the deposition transcripts of Melvin Wright and Lamar Freeman ($857.05); David Bridges ($46.60)[2] and Thomas Berry ($662.95). The Court disallows all other deposition transcript fees as related to Plaintiff's injuries. Additionally, the Court disallows the videotaping fees associated with the depositions of Dr. Lochemes ($372.00) and David Brick ($445.00). The videotaped depositions were not shown at trial and were not reasonably necessary.

**(B)   Fees and Disbursements for Printing and Witnesses**

**a.   Witnesses**

The Court will permit recovery of the deposition fees for Melvin Wright ($105.12) and Thomas Berry ($800.00). The Court will allow four days of trial attendance witness fees for John Johnson, but finds that the requested sum of $200.00 ($40 a day for 5 days) should be reduced to $160.00 since the trial was completed in four days.[3]

**b.   Printing**

The Court denies the requested costs for exemplification and documents obtained for use in the case. Most of the itemized charges for which invoices have been provided appear to relate to medical records. The Court is unable to determine from this record for what purpose the other

---

[2] The transcript charge for Mr. Bridges is included on a bill including transcript charges for Craig Prevost. Mr. Prevost did not testify at trial. Since the Court can not determine which charge is for which deposition, the Court uses the smaller of the two charges.

[3] The Court conducted a pre-trial conference on Monday, June 4. Jury selection began on the morning of Tuesday, June 5. The testimony in the case was completed on the afternoon of Thursday, June 7. On Friday, June 8, the attorneys argued the case, the Court instructed the jury, and the jury deliberated approximately one hour before returning its verdict.

copies were made.  Additionally, as to the largest single copy charge – a $470.80 charge by Cross, Gunter, Witherspoon & Galchus, P.C. (the law firm of one of Caterpillar's counsel) – the Court is unable to find a corresponding invoice and this cost item is denied for this additional reason.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Defendant Caterpillar Industrial's Motion for Costs (Doc. # 103) be, and it is hereby, GRANTED IN PART AND DENIED IN PART.  Caterpillar is hereby awarded costs in the sum of TWO THOUSAND SIX HUNDRED THIRTY-ONE DOLLARS and SEVENTY-TWO CENTS ($2,631.72).

IT IS SO ORDERED this  30th   day of July, 2007.

                                            _/s/Garnett Thomas Eisele_____
                                            UNITED STATES DISTRICT JUDGE